**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ANGEL ALEXANDRO CHILLOGALLI PACHAR,**<br><br>**Petitioner,**<br><br>**v.**<br><br>**WARDEN, DELANEY HALL DETENTION FACILITY, *et al.*,**<br><br>**Respondents.** | **Case No. 26–cv–12037–ESK**<br><br>**OPINION AND ORDER** |

**THIS MATTER** is before the Court on petitioner Angel Alexandro Chillogalli Pachar's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). (ECF No. 1.)

1. Petitioner is a citizen of Ecuador. (ECF No. 7–1 p.1.) He entered the United States at an unknown time and place. (*Id.*)

2. Immigration and Customs Enforcement (ICE) arrested and detained petitioner on September 13, 2026. (ECF No. 1 p. 7.)

3. Petitioner challenges his detention and arrest, arguing that he was racially profiled and detained without a warrant. (*Id.* pp. 7, 8.)

4. Respondents filed a letter stating that petitioner is being detained pursuant to 8 U.S.C. § 1226(a) and is eligible to be released on $7,500 bond. (ECF No. 7–3 p. 1.) He was given the opportunity to have an immigration judge review that determination but declined. (*Id.*)

5. Under 28 U.S.C. § 2241(c), habeas relief may be extended to a prisoner only when he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). A federal court has jurisdiction over such a petition if the petitioner is "in custody" and the custody is allegedly "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).

6. A warrant was issued for petitioner's arrest on September 13, 2026. (ECF No. 7–2 p. 1.) It is unclear whether it was issued prior to his arrest, but that is irrelevant now because "[f]ollowing the signing of the warrant for arrest,

[p]etitioner's detention has been pursuant to the warrant, and he is currently in custody pursuant to § 1226(a)." *Cocha Cocha v. Tsoukaris*, No. 26–cv–09857, 2026 WL 2806733, at *2 (D.N.J. Sept. 18, 2026); *see also Par v. Jamison*, No. 26–cv–03504, 2026 WL 1603299 at * 3–4 (E.D. Pa. June 4, 2026) (denying petitioner's challenge to a warrantless arrest, when petitioner was subsequently lawfully detained under 8 U.S.C. § 1231); *Fernando C.C. v. Bondi*, No. 26–cv–01235, 2026 WL 446408 at * 5 (D. Minn. Feb. 17, 2026) (finding because a warrant was issued within hours of petitioner's arrest, that warrant "authorized [petitioner's] continued detention pursuant to the discretionary detention framework of Section 1226(a)").

7. Accordingly, petitioner is not entitled to release based on the alleged warrantless arrest.

8. I lack jurisdiction over petitioner's racial profiling claim because he may raise the claim in a petition for review in the appropriate court of appeals, if necessary. *See Khalil v. President, United States*, 164 F.4th 259, 275 (3d Cir. 2026) ("[T]o avoid getting channeled to a [petition for review], a claim must raise now-or-never *questions*, not just now-or-never harms." (emphasis in original)).

9. "Respondents unquestionably possess the authority to detain non-citizens during removal proceedings when Congress has authorized them to do so under § 1226(a)." *Zheng v. Rokosky*, 826 F. Supp. 3d 545, 554 (D.N.J. 2026); *see also Demore v. Kim*, 538 U.S. 510, 523 (2003) ("Deportation proceedings would be vain if those accused could not be held in custody pending the inquiry into their true character." (cleaned up)); *Velasco Lopez v. Decker*, 978 F.3d 842, 848 (2d Cir. 2020) ("Detention during removal proceedings is a constitutionally valid aspect of the deportation process.")

10. ICE made an initial custody determination on September 13, 2026 that petitioner could be released on $7,500 bond. (ECF No. 7–3 p. 1.) Petitioner declined the option to have an immigration judge review that determination. (*Id.*)

11. That is his right, but "[i]mmigration detainees seeking to invoke this Court's habeas jurisdiction … must exhaust all administrative remedies before they may seek habeas relief in federal court." *Jelani B. v. Anderson*, No. 20–cv–06459, 2020 WL 5560161, at *2 (D.N.J. Sept. 17, 2020) (citing *Duvall v. Elwood*, 336 F.3d 228, 233–34 (3d Cir. 2003)).

12. It would not be futile to require exhaustion. Courts in the Third Circuit have excused exhaustion in cases in which the United States argues § 1225(b)(2) is the relevant detention statute because the immigration courts would be required to dismiss bond hearings for noncitizens detained pursuant to § 1225(b) pursuant to the Board of Immigration Appeals's decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). *See, e.g., Zheng*, 826 F.

Supp. 3d at 553 ("Petitioner was not required to exhaust any administrative remedies before pursuing relief in this Court because … such efforts would be futile."); *Vimos v. Fed. Det. Ctr. Philadelphia*, No. 26–cv–00780, 2026 WL 381173, at *4 (E.D. Pa. Feb. 11, 2026). That is not the case for petitioner.

Accordingly,

**IT IS** on this **29th** day of **September 2026** **ORDERED** that:

1. Petitioner's § 2241 Petition is **DISMISSED WITHOUT PREJUDICE**.

2. Any restrictions imposed on petitioner's location are **LIFTED**.

3. The Clerk shall **CLOSE** this case.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**